## In re Fell Township School Directors

*J. E. Brennan,* for petitioners.
*Stanley F. Coar,* for respondents.

LEWIS, J., December 22, 1937.—A petition was signed by 12 residents of the Township of Fell, setting forth that the school directors of the said township have committed many acts of omission and commission, which are in violation of the School Code of May 18, 1911, P. L. 309, and should be removed under section 217 of the School Code. Upon service of the petition upon members of the school board they obtained a rule to show cause why the petition

should not be dismissed. The petitioners filed a responsive answer to the petition to dismiss and depositions were taken by both sides and the motion is now before the court, whether the petition should be dismissed.

The grounds set forth by the school directors for the dismissal of the petition are as follows:

1. The petition is not signed by 10 resident taxpayers of the Fell Township School District.

2. The petition is not verified by the affidavit of three resident taxpayers.

3. The petition is so vague and indefinite as to make it impossible to file the proper answer.

We will consider the first and second reasons together. The petition presented in this case has the names of 12 persons attached to it and the affidavit has the names of three persons on it as affiants. The persons whose names appear on the petition and the affidavit are residents of the School District of Fell Township and the sole question is whether or not the petition is signed by 10 resident taxpayers. We have examined the law on this subject and, though the authorities are meagre, counsel for the petitioners cited the case of In re Removal of Wynne et al., 28 Luz. L. R. Rep. 121, decided by Judge Valentine of Luzerne County in November 1933, where the same objections were made and he disposed of the said objections in the following language:

"Respondents further challenge the jurisdiction of the Court for the reason that the petitions (original and supplemental) were not signed by 'ten resident taxpayers' as required by the above section of the code. Each petition is signed by more than the required number of residents of Jenkins township who were subject to or liable for the payment of taxes therein, but less than ten of the signers had paid a tax within two years of the filing of the petition.

"We cannot conclude that it is necessary that the signers should be 'qualified electors' of the district as contended for by respondents' counsel. There is a clear dis-

tinction between a 'resident taxpayer' and a 'qualified elector'. A taxpayer within the meaning of this section is one who owns property within the district and who pays or is subject to and liable for a tax. 1 Cooley on Taxation (4th Ed.) Sec. 17; Matter of Kersburg, 166 N. Y. S. 900; LeVenthal v. Gillmore, 206 N. Y. S. 121-124."

We are in accord with the opinion of Judge Valentine and have concluded to adopt the same. In view of our ruling on the question of what is a resident taxpayer, we deem it unnecessary to decide whether Stanley Valinski signed the petition.

As to the third allegation that the petition is vague and indefinite we have examined the petition with care and find the petition to be full and complete and not subject to the criticism sought by the petitioners to dismiss.

We therefore enter the following order.

Now, December 22, 1937, motion to dismiss petition to remove school directors of Fell Township is denied and the rule therefor is discharged and the defendant school directors are directed to file their answer to the merits within 15 days from the date of this order.